# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory McCauley, | No. CV-15-00045-TUC-RCC |
| Petitioner, | **ORDER** |
| v. | |
| JT Shartle, | |
| Respondent. | |

Pending before the Court are: (1) the Pro Se Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody ("Petition")(Doc. 1); (2) Respondents Return and Answer thereto (Doc. 9); (3) Petitioner's Combined Reply and Motion to find Respondent in Default (Doc. 10)[1]; (4) Petitioner's Motion to Expedite for a Summary Judgment (Doc. 19); (5) Petitioner's Motion for Order to Produce (Doc. 20); (6) Petitioner's Motion to Supplement the Record (Doc. 21); (7) Magistrate Judge Bruce G. Macdonald's Report and Recommendation ("R&R")(Doc. 22); and (8) Petitioner's Objection to the Magistrate's R&R (Doc. 23).

**I.    LEGAL STANDARD**

The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). A district court may "accept, reject, or modify the recommended disposition; receive further evidence; or

---

[1] The request for default was previously denied by this Court. See Doc. 15, adopting Doc. 12.

return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Where the parties object to an R & R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); see *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). "[T]he magistrate judge's decision…is entitled to great deference by the district court." *U.S. v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). The Court will not disturb a magistrate judge's order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). A failure to raise an objection waives all objections to the magistrate judge's findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court has reviewed the record, and finds the factual background and procedural history in this matter to be thoroughly detailed in Magistrate Macdonald's R&R. See Doc. 22 at 2-7. Petitioner's objection(s) to the R&R, explained in more detail in the section below, are not directed at the Magistrate's findings in these sections. Accordingly, this Court accepts, adopts, and fully incorporates, by reference, these sections of the R&R into this Order. See *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1) ] does not ... require any review at all ... of any issue that is not the subject of an objection."); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

## III. DISCUSSION

### A. Petitioner's Objection(s)

Petitioner does not object to the R&R's recommendations regarding the various motions he filed after filing the Petition. Accordingly, the Court is relieved of its obligation to review these de novo. See *Reyna-Tapia*, 328 F.3d at 1121; *Thomas*, 474 U.S. at 149.

Petitioner *does* object to the Magistrate's "logic, and understanding of controlling case law" with respect to his Petition under 28 U.S.C. § 2241. See Doc. 23 at 1. More specifically, Petitioner debates the R&R's conclusion that due process was satisfied with respect to the disciplinary hearing at issue in this case because, according to Petitioner, there was "NO EVIDENCE" supporting Disciplinary Hearing Officer ("DHO") Petricka's ultimate determination. See Doc. 23 at 2 (emphasis in the original). Although Petitioner acknowledges the existence of the inculpatory written report issued by the reporting officer (which was considered by the DHO), Petitioner dismisses the report as "NOT EVIDENCE," and urges the Court to assess and condemn the reporting officer's credibility. *Id*. at 1-2. Finally, Petitioner urges this Court to consider other exculpatory evidence of his sobriety. *Id*. at 3.

**B.   Analysis**

The Court has reviewed the record de novo in this matter and finds Macdonald's analysis and conclusions of law to be well-reasoned and supported.

As was noted in the R&R, the requirements of due process are satisfied if some evidence in the record supports the contested disciplinary decision, and "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence." *Superintendent, Mass. Corrections Inst. V. Hill*, 472 U.S. 445, 455-56 (1985). Petitioner cites no case law supporting his assertion that a reporting officer's written report "IS NOT EVIDENCE." Doc. 23 at 1 (emphasis in the original). Moreover, Petitioner's position that the fails to account for the other evidence considered by the DHO – namely the photograph of the item in question. The Court need not, and will not reassess the credibility of the witnesses or reweigh the evidence, as urged by Petitioner. Further, although the Court will grant Petitioner's Motion to Supplement the Record, the Court agrees with the Magistrate's recommendation that nothing therein alters the Court's findings with respect to the Petition. In all, the Court finds the minimally stringent due process standard applicable to the disciplinary decision at issue in this

matter, as articulated in *Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Hill*, was satisfied.

### III. CONCLUSION

For the reasons discussed above, **IT IS ORDERED**

(1) Magistrate Judge Macdonald's Report and Recommendation (**Doc. 22**) is **ACCEPTED AND ADOPTED** as the findings of facts and conclusions of law of this Court.

(2) Petitioner's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (**Doc. 1**) is **DENIED** and this matter is **DISMISSED WITH PREJUDICE**.

(3) Petitioner's Motion to Expedite for a Summary Judgment is **DENIED AS MOOT** (**Doc. 19**).

(4) Petitioner's Motion for Order to Produce (**Doc. 20**) is **DENIED**.

(5) Petitioner's Motion to Supplement the Record (**Doc. 21**) is **GRANTED**.

(6) The Clerk of the Court shall enter judgment accordingly and close its file in this case.

Dated this 18th day of May, 2017.

Raner C. Collins
Chief United States District Judge